UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| GEFT OUTDOOR, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-00141-JRS-MPB |
| | ) | |
| CITY OF EVANSVILLE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ENTERING PERMANENT INJUNCTION**

The Court finds, concludes, and orders as follows:

1. GEFT Outdoor, L.L.C. ("GEFT") buys or leases land upon which to construct, maintain, and/or operate signs to be used for the dissemination of both commercial and noncommercial speech.

2. The owner of real property located on Oak Grove Road in the City of Evansville (the "City"), Indiana, previously leased to GEFT a portion of that property, which property is adjacent to I-69, a major thoroughfare in the City. GEFT intended to erect a digital billboard displaying both commercial and noncommercial speech on the property.

3. GEFT had a permit from the State of Indiana to erect the digital billboard.

4. Chapter 18.140 of the City's Zoning Ordinance ("Ordinance") sets forth standards and other requirements for signs located within the City's jurisdiction (the "Sign Standards").

5. GEFT filed suit against the City alleging, in part, that the Sign Standards contain unconstitutional, content-based regulation on speech and constitute an impermissible prior restraint on speech.

6. GEFT sought summary judgment on its claims that the Sign Standards violate GEFT's rights under the First Amendment and requested that the City be permanently enjoined from enforcing the unconstitutional provisions.

7. The City for its part sought summary judgment as well.

8. The Court denied the City summary judgment, and granted GEFT summary judgment on its claims that the Sign Standards constitute an unconstitutional content-based regulation on speech and unconstitutional prior restraint on speech.

9. The Court determined that the Sign Standards are a content-based regulation of speech, therefore they can stand only if they survive strict scrutiny.

10. The Court concluded that the Sign Standards fail to survive strict scrutiny as they are not narrowly tailored to further a compelling government interest.

11. The Court further determined that the Sign Standards are an impermissible prior restraint on speech for two reasons. First, they give the City unbridled discretion in making the permitting decision, which is inconsistent with First Amendment jurisprudence including, without limitation, *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750 (1988). Second, the Sign Standards lack sufficient procedural safeguards.

12. Based on the foregoing, the Court grants GEFT's request to permanently enjoin the City from enforcing Chapter 18.140 of the Ordinance in its entirety.

**IT IS THEREFORE ORDERED ADJUDGED AND DECREED** that Chapter 18.140 of the Ordinance is unconstitutional in its entirety and the City is **permanently enjoined** from enforcing Chapter 18.140 against GEFT or any others.

**SO ORDERED.**

Date: 12/13/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution by CM/ECF to counsel of record